IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EARL STEWART GORDON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v | * | Civil Action No.  DKC-14-2429 |
| | * | |
| GREATER WASHINGTON ORTHOPAEDIC | * | |
|   GROUP, P.A., | * | |
| DISTRICT COURT OF MARYLAND FOR | * | |
|   MONTGOMERY COUNTY, | * | |
| THE HEALTH CLAIMS ARBITRATION | * | |
|   OFFICE STATE OF MARYLAND, | * | |
| | * | |
| Defendants. | * | |

***

**MEMORANDUM OPINION**

Under preliminary review are Maryland resident Earl Stewart Gordon's Complaint and a Motion to Proceed in Forma Pauperis.  Gordon demonstrates that he is indigent, and will be granted leave to proceed in forma pauperis.  For reasons to follow, this case will be dismissed without prejudice for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P 12(h)(3).

The gravamen of Gordon's Complaint is his dispute with a February 27, 2000, judgment in Civil Action No. 060200031572001 entered against him in the District Court of Maryland for Montgomery County for $1,889.00 for unpaid medical bills[1] owed to the Greater Washington Orthopaedic Group ("Orthopaedic Group") of Maryland.[2]  ECF No. 1, Exhibits A and K.[3]  This judgment was renewed in 2013.  *Id.*  On April 14, 2014, the state court held a hearing and denied

---

[1] This information is also found on the Maryland Judiciary Case website.  *See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=060200031572001&loc=24&detailLoc = DSCIVIL.

[2] There are no grounds for diversity jurisdiction as all parties are located in Maryland.  See 28 U.S.C. § 1332.

[3] Plaintiff has filed exhibits labeled A, B, C, E, F, H, J, K, M.  There were no exhibits filed labeled D, G, I, or L.  (ECF No. 1).

Gordon's Motion to Mark Judgment Paid and Satisfied.[4]  On May 16, 2014, the state court granted the Orthopaedic Group's Motion to Strike Gordon's appeal.  (ECF No. 1, p. 8, Ex. H). Gordon claims that the Orthopaedic Group and the state court conspired against him in this regard.  (ECF No. 1, pp. 2-3).

Gordon's claim against the Health Claims Arbitration Board appears to be predicated solely on its denial of his complaint of malpractice against Johns Hopkins Hospital and others in 2003.  (ECF No. 1, p. 3, Ex. M).  The nature of his claim against the Health Claims Arbitration Board and how it is related to his judgment in the District Court of Maryland for Montgomery County is unclear.

In his Complaint, Gordon asks the court to "reverse the December 19, 2013, the April 14, 2014 and the May 16, 2014" decisions of District Court of Maryland for Montgomery County in Civil Action No. 060200031572001, and to "dismiss" that case in his favor with prejudice.  He also asks this court to "review and strike down Maryland Rule 7-104 and Rule 7-101 since these Rules are impediments to proper due process under the Constitution of the United States" and to award him $1 million in damages.  (ECF No. 1, p. 9).

Gordon provides no grounds to substantiate his claim of a due process violation.  Gordon claims that Defendants have violated his rights under the Fifth and Fourteenth Amendments, 18 U.S.C. § 1962 (D), 18 U.S.C. § 1961 (d), 28 U.S.C. § 1391 (b), the Civil Rights Act of 1964, §701 *et seq.*, 42 U.S.C. § 2000, 18 U.S.C. §1962 (D), 28 U.S.C. §1391 (b), 28 U.S.C. § 1332, 28 U.S.C. § 1352; 28 U.S.C. § 1144(c),  and 28 U.S.C. § 1446(8) (ECF No. 1, pp. 1-2).  A string of citations to federal statutes without factual support or other explanation does not give rise to a federal claim, and simply listing federal statutes does not convey federal question jurisdiction. *See* 28 U.S.C. § 1331 (federal question jurisdiction).

---

[4] *See supra* n. 1.

Under Fed.R.Civ.P. 12(b)(1), a plaintiff bears the burden of proving subject matter jurisdiction. *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). Here, Gordon is seeking to appeal his state judgment. In *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), the Supreme Court held that a state court litigant must appeal an adverse ruling to a state court of appeals and a federal district court lacks jurisdiction to review a state court ruling. This limitation on the jurisdiction of the lower federal courts is known as the *Rooker–Feldman* doctrine.

"The *Rooker–Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Industries Corp*., 544 U.S. 280, 284 (2005)). This bar applies not only to issues actually presented to and decided upon by a state court, but to constitutional claims that are "inextricably intertwined with" those questions ruled upon by a state court. *See Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997); *Brown v. Root, Inc. v. Breckenridge*, 211 F3d. 194, 199 (4th Cir. 2000). It precludes federal review not only of adjudications of a state's highest court, but also decisions of its lower courts. *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997). Clearly, Gordon is attempting to appeal his state court judgment in this court. As such, the court lacks subject matter jurisdiction over this case under the *Rooker-Feldman* doctrine and the case will be dismissed pursuant to Fed.R.Civ.P 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Martinez v. Duke Energy Corp.*, 130 F. App'x 629, 634 (4th Cir. 2005) ("[A] federal court is obliged to dismiss a case whenever it

appears the court lacks subject matter jurisdiction."); *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) ("questions of subject matter jurisdiction may be raised at any point during the proceedings").

The court also notes that the judges of the District Court of Maryland for Montgomery County are entitled to absolute judicial duty in the performance of their judicial functions. *See Mireless v. Waco*, 502 U.S. 9, 12 (1991) (stating a judicial officer in the performance of his or her duties has absolute immunity from suit). Further, the Health Claims Arbitration Board[5] is entitled to immunity under the Eleventh Amendment of the Constitution, which bars suits brought in federal district court against a state by its own citizens as well as those by citizens of other states. *See, e.g., Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984). This immunity extends to "arms[s] of the State," *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977), including state agencies. *See Gray v. Laws*, 51 F.3d 426, 430 (4th Cir. 1995). Although the State of Maryland has waived its sovereign immunity for certain types of cases brought in State courts, *see* Md. Code Ann., State Gov't, § 12–104, it has not waived its Eleventh Amendment immunity from suit in federal court, *see Dixon v. Baltimore City Police Dep't*, 345 F.Supp.2d 512, 513 (D.Md.2003) aff'd, 88 F. App'x 610 (4th Cir. 2004).

For these reasons, the case will be dismissed without prejudice for lack of jurisdiction. A separate Order follows.

Date:  August 18, 2014                              /s/
                                          DEBORAH K. CHASANOW
                                          United States District Judge

---

[5] *See* Md.Code Ann., Cts & Jud. Proc, § 3–2A–01 *et seq.*